# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### AMENDED CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08081-JLS-MBK | Date | November 5, 2025 |
|---|---|---|---|
| Title | Nathaniel Myers v. J. Hulme, et al. | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

    This is a civil rights action. On August 18, 2025, Plaintiff Nathaniel Myers, who is self-represented, filed a complaint but failed to pay the required filing fee or a request to proceed *in forma pauperis*. Dkt. 1. On August 18, 2025, the clerk issued a notice of discrepancy that Plaintiff did not pay the required filing fee or a request to proceed without paying the filing fee. Dkt. 2. That notice gave Plaintiff until September 18, 2025, to either pay the filing fee or file a request to proceed without paying the filing fee. *Id*. The notice further advised Plaintiff that failure to respond to the notice by September 18, 2025, could result in a dismissal of the action. *Id*.

    As of the date of this order, Plaintiff has not paid the filing fee or filed a request to proceed without paying the fee. Plaintiff is therefore **ORDERED** to show cause (that is, explain in writing) why the action should not be dismissed for failure to prosecute and obey court orders. Plaintiff's response is due by **December 5, 2025.** Plaintiff is advised that the Court may construe either a payment of the filing fee or the filing of a request to proceed without paying the filing fee (in compliance with the procedures identified in Dkt. 2) as responsive to this order to show cause.

    Plaintiff is informed that the failure to comply with the terms of this order may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).

***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08081-JLS-MBK | Date | November 5, 2025 |
| Title | Nathaniel Myers v. J. Hulme, et al. | | |

  Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court**.

  1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

  2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed <u>25 pages</u> in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

  3. Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

  4. After any Defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

  5. At the top of the first page of any document sent to the Court, Plaintiff must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08081-JLS-MBK | Date | November 5, 2025 |
| Title | Nathaniel Myers v. J. Hulme, et al. | | |

*Failure of a pro se Party to Keep Court Apprised of Current Address:* A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

**IT IS SO ORDERED.**